**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4933**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL UYIOGHOSA OHANGBON,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:09-cr-00346-TDS-1)

Submitted: March 30, 2012      Decided: April 17, 2012

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

David Bruce Freedman, CRUMPLER, FREEDMAN, PARKER & WITT, Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Uyioghosa Ohangbon pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Following a successful appeal, in which we affirmed the convictions but vacated the sentence, Ohangbon was resentenced to concurrent thirty-month terms of imprisonment. In this appeal, Ohangbon argues that his § 922(g) conviction is no longer valid in light of our decision in United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011) (en banc).

In Simmons, we overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), and held that a North Carolina state conviction may not be classified as punishable by a term of imprisonment exceeding one year based on the maximum aggravated sentence that could be imposed on a repeat offender if the individual defendant was not eligible for such a sentence. Simmons, 649 F.3d at 241, 243-48.

Ohangbon's § 922(g) conviction was supported by his North Carolina conviction for possession with intent to distribute marijuana, a class I felony. See N.C. Gen. Stat. §§ 90-95(b)(2), 90-94(1) (2011). The record does not include the state court judgment and it is not clear what Ohangbon's prior record level was at his state sentencing. However, the

2

record does reflect that Ohangbon was ultimately sentenced to a suspended sentence of six to eight months' imprisonment. Accordingly, it appears that he could not have been sentenced to imprisonment for a term exceeding one year because even if he faced a minimum sentence of eight months, Ohangbon was exposed to a maximum term of imprisonment of no more than ten months. N.C. Gen. Stat. § 15A-1340.17 (d) (2003). Applying Simmons, it appears that Ohangbon did not have the requisite predicate offense to be convicted of being a felon in possession of a firearm. We remand to the district court for the appropriate determination regarding this prior conviction.

Accordingly, we vacate Ohangbon's § 922(g) conviction and his sentence and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3